**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JARRETT FUSILIER, | ) | |
| Plaintiff, | ) | |
| v. | ) | **JURY DEMAND** |
| RIZZA BUICK GMC CADILLAC, INC., | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, JARRETT FUSILIER, by and through her attorneys, bring this action against Defendant, RIZZA BUICK GMC CADILLAC, INC., seeking to recover money damages for unpaid minimum under the United States Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL").

## PARTIES

1. Plaintiff Jarrett Fusilier demands a jury and is a resident of the State of Illinois. Plaintiff is a covered employee under the FLSA.
2. Plaintiff brings this case as an opt-out collective action under the FLSA on behalf of herself and the Class, and in compliance with Section 16(b) of the FLSA, Plaintiff has given written consent to bring this action (attached as Exhibit A incorporated herein).
3. Defendant RIZZA Buick GMC Cadillac, Inc. is an Illinois corporation that has a principal place of business in Tinley Park, Illinois and at all times material hereto was and is engaged in interstate commerce. Defendant is covered under the FLSA. Upon information and belief, the annual gross

revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. 1331 pursuant to the FLSA 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement).
5. Personal jurisdiction and venue are proper in this District because the facts that gave rise to Plaintiff's claims occurred in this District and Defendant resides in this district.
6. Plaintiff brings a supplemental claim under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 et seq. Supplemental jurisdiction over the IMWL claim is pursuant to 28 U.S.C. § 1367(a).

## COUNT I – FLSA CLAIM

7. This action is brought by Plaintiff and those similarly situated to recover from the Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees.
8. Under the provisions of 29 U.S.C. § 206 (a) (1) states "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.
9. The Act provides minimum standards that may be exceeded, but cannot be

waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

**10.** In Illinois, the minimum wage is $8.25.

11. While employed by the Defendant, Plaintiff Jarrett Fusilier worked approximately an average of 12 hours per day for six week without being compensated minimum wage during any pay periods. Plaintiff was employed as a Sale Representatives performing the same or similar duties as that of those other similarly situated Sale Representatives whom Plaintiff works that also do not receive minimum wage compensation.

12. Plaintiff worked for Defendant from October 19, 2016 until November 14, 2016 on pure commission basis and made no sales and was paid nothing by Defendant.

13. Plaintiff worked approximately 414 hours and she would be entitled to $3,415.50 in gross pay.

14. Defendant paid Plaintiffs and other similarly situated employees less than minimum wage when no sales were made.

15. Plaintiff saw a check to an employee that paid zero.

16. Plaintiff was told by another employee that he didn't make his first sale for months and was not paid.

17. Plaintiff seeks to recover unpaid minimum wages accumulated from the date of hire individually and from 3 (three) years back from the date of the filing of

this Complaint on behalf of similarly situated employees.

18. Defendant did compensate Plaintiff for hours at any wage let alone the correct minimum wage.

19. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 in that Plaintiffs were not properly paid all their minimum wages.

20. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum and overtime wages and remain owing Plaintiff and those similarly situated these minimum and overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

21. Defendant also violated the FLSA by failing to provide Plaintiff with pay stubs that accurately listed her hourly rates of pay and hourly rates of pay.

22. Defendant willfully and intentionally refused to pay Plaintiff minimum wages as required by the laws of the United States as set forth above and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with the Defendant as set forth above.

**COUNT II – IMWL CLAIM**

23. The plaintiff re-alleges the foregoing paragraphs.

24. Defendant violated the IMWL by:

- failing to pay Plaintiff at rate not less than the applicable, Illinois minimum wage rate in certain weeks;

- failing to provide Plaintiff with pay stubs that accurately listed their hourly rates of pay and hourly rates of pay.

25. Defendant was aware or should have been aware of its obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

26. Defendant failed to take affirmative steps to ascertain its obligations under the IMWL.

27. Each plaintiff who joins this action in the future will specifically adopt the allegations in this Count II.

**PRAYER FOR RELIEF**

A. Enter judgment for Plaintiff and others similarly situated and against Defendant on the basis of the Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

B. Award Plaintiff and the class actual damages in the amount shown to be due for unpaid minimum wages;

C. Award Plaintiff and the class an equal amount in double damages/liquidated damages;

D. Award statutory penalties as allowed by the IMWL;

E. Award interest on all amounts awarded;

F. Award Plaintiff reasonable attorneys' fees and costs of suit; and

G. Any other relief the Court deems just.

**[SIGNATURE FOLLOWS ON NEXT PAGE]**

RESPECTFULLY SUBMITTED,

*/s/*Mark T. Lavery
_________________________
One of Plaintiff's Attorneys

Mark T. Lavery
Christopher V. Langone
James Batson
17 N. Wabash, Suite 500
Chicago, IL 60602
(312) 344-1945
mlavery@langonebatson.com